FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HOWARD HARLEY and**
**HARLEY SHIPBUILDING CORPORATION,**

    Plaintiffs,

v.                          Case No. 8:01-CV-356-T-30EAJ

**FAST CASTS FERRY SERVICES,L.L.C.,**
**and ROYAL CROWN YACHTS, INC.,**

    Defendants.
_____/

**ORDER**

Before the court is Plaintiffs' and non-party, Fiberfloat Corporation's, **Amended Motion For Protective Order And Motion To Quash Subpoenas Filed By Plaintiffs and Fiberfloat Corporation With Incorporated Memorandum Of Law** (Dkt. 69) filed on April 23, 2002, and Defendant, Fast Cast's Ferry Services, L.L.C.'s **Memorandum In Opposition To Motion For Protective Order** (Dkt. 74) filed on April 26, 2002.

Plaintiffs and Fiberfloat Corporation ("Fiberfloat") seek to quash subpoenas duces tecum issued to Fiberfloat, Sunshine Staff Leasing, Co. ("Sunshine") and Persidion Solutions, Inc. ("Persidion"). Defendant, Fast Cats Ferry Services, L.L.C. ("FCFS") in it's response, represents that it received documents from Sunshine and Persidion and therefore Plaintiffs' and Fiberfloat's motion as to those subpoenas is moot. Accordingly,

77

Plaintiffs' and Fiberfloat's motion is denied as moot as to the subpoenas issued to Sunshine and Persidion.

The court heard oral argument on Plaintiffs' and Fiberfloat's motion for protective order on May 1, 2002. The court is persuaded by Fast Cats Ferry Services, L.L.C.'s ("FCFS") argument that even if there is a finding of patent infringement, Defendants may still dispute patent validity. Moxness Products, Inc. v. Xomed, Inc., 891 F.2d 890, 891 (Fed. Cir. 1990). Accordingly, Defendants are entitled to discovery on issues related to patent validity.

FCFS also argues that it is entitled to discovery because it must prepare for trial in the event the court denies the parties' pending motions for summary judgment. FCFS argues that the discovery deadline is June 3, 2002 and it will not be able to adequately prepare for trial without the information it seeks from Fiberfloat. This case has been pending since February 16, 2001. Defendants did not undertake discovery until April 2002. Defendants have a duty to diligently pursue discovery and Defendants should have undertaken discovery prior to April 2002 on the issues raised in the summary judgment motions.

While Defendants are entitled to discovery on patent validity, the court finds that the following categories of items requested to be produced by Fiberfloat are overbroad and not reasonably calculated to lead to the discovery of admissible evidence: 1B-1P; 1R; 2; 3A-3L; 3N-3S; 7; 8; 10-12; 14; 15; 17; 18; 20-25; 27; and

28. Plaintiffs' and Fiberfloat's motion is granted as to those categories. The court denies Plaintiffs' and Fiberfloat's motions to the extent that FCFS is entitled to depose the records custodian and corporate representative of Fiberfloat. The court also denies Plaintiffs' and Fiberfloat's motion to the extent that Fiberfloat is required to produce for inspection the items described in categories 1A, 1Q, 3M, 4, 5, 6, 9, 13, 16, 19, 26 and 29 in FCFS's decus tecum requests.

Accordingly, and upon consideration, it is **ORDERED**:

(1) Plaintiffs' and non-party, Fiberfloat's amended motion for protective order and motion to quash subpoenas (Dkt. 69) is **DENIED as moot** with respect to the subpoenas issued to Sunshine Staff Leasing, Co. and Persidion Solutions, Inc. Plaintiffs' and Fiberfloat's amended motion, as to the subpoenas duces tecum issued to the records custodian and corporate representative of Fiberfloat, is **GRANTED in part and DENIED in part** as more specifically described above.

(2) Fiberfloat shall produce a records custodian and a corporate representative for deposition within ten days from the date of this order. Fiberfloat shall also produce the items specified in the categories above that the court has identified as discoverable at these depositions. Counsel for the parties shall coordinate the

3

depositions for a mutually agreeable time.

**DONE AND ORDERED** in Tampa, Florida on this \_\_7th\_\_ day of May, 2002.

_____
ELIZABETH A. JENKINS
United States Magistrate Judge

Copies to:
Counsel of Record

Date Printed: 05/07/2002

*Cw*

Notice sent to:

   \_\_\_   Ronald Dean Cook, Esq.
           Cook & Koch, P.A.
           One Tampa City Center
           201 N. Franklin St., Suite 3010
           Tampa, FL   33602

   \_\_\_   Michael P. Villalobos, Esq.
           Cook & Koch, P.A.
           One Tampa City Center
           201 N. Franklin St., Suite 3010
           Tampa, FL   33602

   \_\_\_   Robert P. Watrous, Esq.
           Watrous & Delpech
           2180 Main St.
           Sarasota, FL   34237

   \_\_\_   Clyde H. Wilson Jr., Esq.
           Wilson, Johnson & Jaffer, P.A.
           27 S. Orange Ave.
           Suite One
           Sarasota, FL   34236-5822

   \_\_\_   Leslie III Joughin, Esq.
           Akerman, Senterfitt & Eidson, P.A.
           100 S. Ashley Dr., Suite 1500
           P.O. Box 3273
           Tampa, FL   33601-3273

   \_\_\_   Wesley D. Tibbals, Esq.
           Akerman, Senterfitt & Eidson, P.A.
           100 S. Ashley Dr., Suite 1500
           P.O. Box 3273
           Tampa, FL   33601-3273

   \_\_\_   Joseph W. Bain, Esq.
           Akerman, Senterfitt & Eidson, P.A.
           222 Lakeview Ave., Suite 400
           West Palm Beach, FL   33401